IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL ROMAN-LOPEZ, | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:18-CR-0140-TWT-LTW-1 |
| | : | |
| UNITED SATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:21-CV-4207-TWT-LTW |

### FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Miguel Angel Roman-Lopez's *pro se* motion under 28 U.S.C. § 2255 (Doc. 44) and the government's response thereto (Doc. 48) and supplemental brief (Doc. 52). For the reasons that follow, the undersigned **RECOMMENDS** that this § 2255 motion [44] be **DISMISSED** as time barred.[1]

**I.   Procedural History**

On April 26, 2018, Roman-Lopez entered a negotiated guilty plea to an information charging him with conspiracy to possess with intent to distribute at

---

[1] Because the Court concludes that Roman-Lopez's § 2255 motion is time barred, it does not address the government's alternative argument that Roman-Lopez's motion is barred by his valid appeal waiver. (Doc. 48 at 9-11).

least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).  (Docs. 1; 4-1; 50.)  The Court entered judgment on September 19, 2018, sentencing Roman-Lopez to eighty-seven months of imprisonment.  (Doc. 14.)  Roman-Lopez did not file a direct appeal.

Roman-Lopez signed this § 2255 motion on October 5, 2021,[2] arguing that he is actually innocent because the government did not identify his alleged co-conspirators.  (Doc. 44.)  The government responds, in pertinent part, that this § 2255 motion is untimely.  (Doc. 48 at 7-9; Doc. 52 at 2-4.)

## II.   Discussion

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

---

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); *see also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).  Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it. *Washington*, 243 F.3d at 1301.

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

Roman-Lopez's conviction became final, for purposes of § 2255(f)(1), on October 3, 2018. *See* Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); *see also Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires.") (citation omitted). Because Roman-Lopez did not file his § 2255 motion until October 5, 2021, approximately three years and two days after his conviction became final, it was not timely under § 2255(f)(1).

A plea of actual innocence can overcome the one-year limitations period for filing a § 2255 motion if the movant presents "new, reliable evidence that he is factually innocent of the crime[s] of conviction." *Banks v. United States*, 770 F. App'x 946, 948 (11th Cir. 2019) (per curiam) (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)). "The [actual innocence] gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (citing *Schlup*, 513 U.S. at 316).

Roman-Lopez does not rely on any **new** evidence to support his actual innocence claim. Rather, his claim is based on the plain text of the information and facts known to him at the time he entered his plea. Furthermore, Roman-Lopez's guilty plea is an "admission that he committed the crime[s] charged against him," *North Carolina v. Alford*, 400 U.S. 25, 32 (1970), and "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence," *United States v. Broce*, 488 U.S. 563, 569 (1989). Thus, Roman-Lopez cannot show that he is factually innocent of the crimes to which he pleaded guilty.

4

Finally, Roman-Lopez has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. *See Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) ("The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (citation omitted). Accordingly, this § 2255 motion should be dismissed as untimely.

### III. Certificate of Appealability

A federal prisoner may not appeal the denial of his § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability ["COA"] under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here because the dismissal of Roman-Lopez's § 2255 motion as time barred is not debatable by jurists of reason.

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that his § 2255 motion [44] **DISMISSED** as time barred, that a COA be **DENIED**, and that civil action number 1:21-CV-4207-TWT-LTW be **DISMISSED**.

**SO RECOMMENDED**, this   3   day of   January  , 2022.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE